IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WARREN ANTONIO LEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-710-O |
| | § | |
| ERIC WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Warren Antonio Lee ("Lee"), a federal prisoner confined at FMC-Fort Worth. Pet. 1-10, ECF No. 1. Lee also filed a motion for leave to file an addendum/supplement. ECF No. 8. The Respondent filed a response with appendix. ECF Nos. 11 and 12. Lee also filed a second motion for leave to file an addendum/exhibit (ECF No. 14), the Respondent filed a response with appendix (ECF Nos. 16, 17), and Lee filed a reply (ECF No. 18). After considering the pleadings and relief sought by Lee, the Court concludes that the petition must be **DENIED**, in part, and **DISMISSED**.

**I.   BACKGROUND**

On July 5, 1995, Lee was arrested by U.S. Customs in Guam and charged with attempted importation of methamphetamine and attempted possession with intent to distribute methamphetamine. App. 9, ECF No. 12.[1] Although Lee was initially released on bond, on August

---

[1] The Court's citation to the Respondent's Appendix is to the page-numbering assigned by the Court's electronic filing system (ECF).

2, 1995, Lee was arrested and detained pursuant to a warrant for violations of his pretrial release. App. 10, ECF No. 12. Lee was held by the United States Marshals Service through his sentencing date. *Id.*

On May 24, 1996, Lee was sentenced in the United States District Court for the District of Guam to a 480-month term of imprisonment for Attempted Importation of Methamphetamine and Attempted Possession with Intent to Distribute Methamphetamine. App. 16-18, ECF No. 12.

The Bureau of Prisons ("BOP") prepared a sentence computation based on the 480-month term of imprisonment, commencing May 24, 1996, the date of imposition. App. 25, ECF No. 12. Lee received a total of 299 days of qualified presentence custody credit and is currently projected to earn 2,035 days of Good Conduct Time (GCT). App. 27, ECF No. 12. The Respondent acknowledges that Lee has exhausted his administrative remedies as to his claims. Resp. 2, ECF No. 11; App. 44-82, ECF No. 12.

## II.     GROUNDS FOR RELIEF

Lee asserts in the § 2241 petition that the BOP improperly computed his current federal sentence based on a maximum application of 47 GCT days per year, instead of employing the now effective First Step Act of 2018 ("FSA"), which permits the application of up to 54 days for each year of a sentence imposed by the Court. Pet. 5-6, ECF No. 1. Further, Lee claims the Disciplinary Hearing Officers (DHOs) who took a cumulative total of 125 days of his GCT for his numerous disciplinary violations were under the mistaken impression he was receiving 54 days of GCT. *Id*. Therefore, Lee reasons, the 125 days of withheld GCT should be split in half and 62.5 days of GCT should be restored to his sentence calculation. *Id.*

In his first motion to file an addendum/supplement to the original 28 U.S.C. § 2241 petition,

2

Lee raises conditions of confinement claims relating to forms of alleged retaliation for filing a request for an inmate organization, including mail tampering, wrong or inappropriate medications, being placed on maintenance pay, and exposure to danger from botched internal investigations. Addendum/Supplement 2-3, ECF No. 8. These claims are separately addressed.

### III.   ANALYSIS

#### A.   Lee's sentence has been correctly computed.

Lee alleges the BOP has failed to apply the requirements of the FSA that allow for the application of GCT credit up to 54 days for each year of his sentence, and that the DHOs who withheld GCT days were under the mistaken impression he was receiving 54 days of GCT, so that a portion of the total 125 GCT days taken as a result of disciplinary proceedings should be restored. Pet. 5-6, ECF No. 1.

The requirements for the calculation of sentences are incorporated and expanded upon in BOP Program Statement 5880.28, Sentence Computation Manual (CCCA) (07/20/1999). App. 29, ECF No. 12.  Prior to the FSA, GCT credit was applied only for the time actually served, rather than being applied to the length of the sentence imposed. *Id.* Section 102 of the FSA did amend 18 U.S.C. § 3624(b)(1) to increase a prisoner's maximum good credit time from 47 days to 54 days per year. *See* First Step Act of 2018, Pub. L. No. 115-391, § 102 (b)(1)(A), 132 Stat. 5194, 5210 (codified at 18 U.S.C. § 3624(b)(1)); *see United States v. Hermino Garcia*, No. 5:13-cr-1404, 2019 WL 4394594, at *1 (S.D. Tex. Jul. 25, 2019).

Because Lee's federal term of confinement is 480 months, he would have been eligible to receive a total of 2,160 days of GCT credit pursuant to § 3624(b)(1), under the GCT provision as amended by the FSA (54 days x 40 years = 2,160 days). Lee, however, has a history of having

3

violated institution rules and regulations on numerous occasions. App. 36-42, ECF No. 12. As a result, a total of 125 days of his non-vested GCT credit has been disallowed. *Id.* at 33-34. At this time, the BOP has determined that Lee is only eligible to receive a total of 2,035 of GCT credit (2,160 days– 125 days = 2,035 days). *Id.*

Lee's 480-month federal sentence has in fact been calculated to reflect up to 54 days of GCT for each year of the "sentence imposed by the court," i.e., 2,160 days of GCT credit. App. 6, ¶ 10 (Declaration of BOP Management Analyst Robin Teters), ECF No. 12. Lee's sentence has been adjusted to reflect the requirements of the FSA. *Id.* Lee has been earning 54 days, per year, since July 17, 1996 (his first earning period), because he has obtained his GED or High School diploma. App. 84, ECF No. 12. As a result of his disciplinary conduct while serving the 480-month term, however, Lee has correctly incurred a loss of 125 days of GCT credit. App. 6, ¶ 8, ECF No. 12. Thus, Lee is currently eligible to receive a maximum of 2,035 days of GCT credit. *Id*. Lee's claims are without merit as his sentence has been correctly calculated pursuant to the FSA.

Lee also includes allegations in his original Petition and Addendum claiming the DHOs took too much GCT, totaling 125 GCT days, "under the mistaken belief that Petitioner was receiving 54 days [annually] of GCT . . . . " Pet. 5-6, ECF No. 1; Addendum 1, ECF No. 8. Lee claims that only half of the total of 125 lost GCT days should have been disallowed by the DHOs. Thus, according to Lee, half ( 62.5 days) of the lost GCT time should be restored.

Under 28 C.F.R. § 541.4, BOP inmates may lose GCT credit as a mandatory disciplinary sanction. The amount of GCT credit taken varies, depending on the severity level of the discipline offense(s), number of prior discipline offenses, with a minimum number of GCT days disallowed, or a percentage of available credit. 28 C.F.R. § 541.4.

4

Lee does not allege the DHOs acted outside the requirements of this federal regulation in disallowing GCT credit for his many disciplinary offenses. App. 36-42 (Lee's Disciplinary Record), ECF No. 12. Instead, he alleges these actions were based on the mistaken belief he was earning 54 GCT days a year (before the FSA re-computation) instead of the 47 annual days of GCT he was earning when he committed these disciplinary offenses. Pet. 5-6, ECF No. 1. A review of the record, however, shows the DHOs acted in accordance with the terms of § 541.4, and the GCT was properly lost as a result of Lee's disciplinary sanctions.

For all of these reasons, Lee's sentence has been properly calculated as required by statute and implementing regulations.

### B. Lee's claims in the first motion for leave to file an addendum/supplement are not cognizable under 28 U.S.C. § 2241.

In his first motion for leave to file an addendum/supplement, Lee raises conditions of confinement claims relating to allegations of forms of retaliation taken against him for attempting to file requests for an inmate organization, including alleged mail tampering, wrong or inappropriate medications, being placed on maintenance pay, and being exposed to danger from botched internal investigations. Addendum/Supplement 2-3, ECF No. 8.

Courts have long recognized that habeas corpus actions are the proper vehicle to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Attacks on a prisoner's conditions of confinement, however, are not cognizable in a habeas petition. *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994); *see also Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) (federal prisoner's challenge to his conditions of confinement should be brought as a civil rights action under the doctrine set forth in *Bivens*, rather than a habeas petition pursuant to 28 U.S.C. § 2241). Where a prisoner

challenges the conditions of his or her confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his or her accelerated release from custody. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).

Lee's claims as to the conditions of his confinement do not challenge the validity of his sentence or conviction or the BOP's administrative calculation of his release date, which is the traditional "essence" of habeas corpus. *See Preiser*, 411 U.S. at 484, 498-500. It is the nature of the substantive legal claim itself and the pertinent factual allegations—in addition to the relief sought—that determines whether the claim challenges "the validity of confinement" and thus sounds in habeas corpus. *Hill v. McDonough*, 547 U.S. 573, 579-81 (2006). Lee's claims challenging unconstitutional conditions of confinement do not sound in traditional habeas corpus. Thus, a § 2241 habeas petition is not the proper vehicle for raising the claims, and this Court lacks jurisdiction to consider the claims and grant the relief requested. *See Cheek v. Warden*, No. 4:20-cv-677-P, 2020 WL 3637627, at *1 (N.D. Tex. July 1, 2020); *Ambriz v. United States*, No. 4:20-cv-568-P, 2020 WL 3066861, at *1 (N.D. Tex. Jun 5, 2020); *Provines v. Wilson*, No. 4:20-cv-475-O, 2020 WL 2762563, at *2 (N.D. Tex. May 20, 2020); *Sanchez v. Brown*, No. 3:20-cv-832-E, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020).

In short, the Court concludes that Lee's claims in the motion for leave to file an addendum/supplement are not cognizable claims for relief under 28 U.S.C. § 2241. The Court, therefore, will deny his first motion for leave to file an addendum/supplement and dismiss his proposed claims.

**IV.     SECOND MOTION FOR LEAVE TO FILE ADDENDUM/EXHIBIT**

After the pleadings were filed and closed, Lee filed an additional motion for leave to file

an additional addendum/exhibit to his reply brief. Mot. Leave Amend 1-2, ECF No. 14. By the motion, Lee asserts that a new proposed rule of the BOP results in him receiving good time he lost due to the disciplinary actions. Mot. Leave Amend 1-3, ECF No. 14. The Respondent filed a response to the motion. Resp. to Mot. Leave Amend 1-3, ECF No. 16.

In his motion to file an addendum, Lee claims that a proposed regulation issued by the BOP means he actually should receive the good time he lost in his disciplinary hearing. Lee is incorrect. First, the proposed regulation to which Lee refers is just that, a proposed regulation. As the proposed regulation states, "[T]he purposes of the proposed regulation amendment are to update the Bureau's current GCT regulations to be consistent with the FSA and to explain to the public and the inmate population how GCT will be calculated under the FSA." App. to Resp. to Mot. Leave Amend 3-7, ECF No. 17. The proposed regulation does not alter the calculation of Lee's sentence.

The regulation describes how the BOP would calculate good time after the FSA was effective. Lee's GCT was calculated in accordance with the changes to § 3624(b)(1) implemented by the FSA. Because Lee is subject to a 480-month federal term of confinement, he would have been eligible to receive a total of 2,160 days of GCT credit pursuant to § 3624(b)(1), as amended by the FSA (54 days x 40 years = 2,160 days). As previously explained, Lee's 480-month federal sentence has in fact been calculated to reflect up to 54 days of GCT for each year of the "sentence imposed by the court," i.e., a maximum of 2,160 days of GCT credit. Lee's sentence has been adjusted to reflect the requirements of the FSA. The proposed regulation Lee cites does not change that.

Similarly, the proposed regulation does not change that GCT can be lost when institutional

7

rules are violated. As noted above, under 28 C.F.R. § 541.4, BOP inmates may lose GCT credit as a mandatory disciplinary sanction. The amount of GCT credit taken varies, depending on the severity level of the disciplinary offense(s), number of prior disciplinary offenses, with a minimum number of GCT days disallowed, or a percentage of available credit. 28 C.F.R. § 541.4. Lee's violations of institution rules and regulations resulted in a total of 125 days of his non-vested GCT credit being disallowed. App. 6, ¶ 8, ECF No. 12. Because of Lee's conduct while serving the 480-month term, he has correctly incurred a loss of 125 days of GCT credit; therefore, he is currently eligible to receive a maximum of 2,035 days of GCT credit. Nothing in the proposed regulation alters the calculation of Lee's good time credit. Thus, the motion for leave to file an additional addendum/exhibit must be denied.

**V.     CONCLUSION and ORDER**

It is therefore **ORDERED** that all Lee's challenges to the calculation of good conduct time credit under 28 U.S.C. § 2241 are **DENIED**.

It is further **ORDERED** that the first motion for leave to file an addendum/supplement (ECF No. 8) is **DENIED** such that Lee's proposed supplemental claims for relief against the conditions of confinement are **DISMISSED** for lack of subject matter jurisdiction.

It is further **ORDERED** that the second motion for leave to file a further addendum/exhibit (ECF No. 14) is **DENIED**.

**SO ORDERED** this **14th day** of **August, 2020.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE